STATE OF NORTH CAROLINA
v.
JOHN WALSTON
No. COA08-889
Court of Appeals of North Carolina
Filed April 21, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General E. Michael Weaver, for the State.
J. Clark Fischer for defendant-appellant.
ROBERT C. HUNTER, Judge.
Defendant appeals from a judgment entered on a jury verdict finding him guilty of robbery with a dangerous weapon.
The State presented evidence tending to show that at approximately 2:30 p.m. on 29 April 2007, Marcel Sarrios looked out the window of his apartment on Sedgewick Drive in Raleigh and saw three men emerge from a red vehicle, approach a Mexican man, throw the man to the ground, rummage through the man's pockets, and flee. Sarrios ran out of his apartment to assist the victim, who told him that the men pointed a gun at him and took his money. Sarrios stayed with the man until the police arrived. He gave statements to an officer at the scene and to a detective at the police station. Officer Theodore Bush of the Raleigh Police Department testified that he responded to a call at 5004 Sedgewick Drive during the afternoon of 29 April 2007. He spoke to the victim, whom he described as a Hispanic male, and took statements from Mr. Sarrios and another witness at the scene. Another officer, Kilgore, interviewed the victim at the scene.
Detective T.M. Davis of the Raleigh Police Department subsequently interviewed Sarrios and the victim, identified as Chucho Velasquez, at the police station.
Lori Malnati testified for the State that on 29 April 2007 she rode around in a burgundy vehicle occupied by defendant, Michael Wright and Ramel Parker. Wright drove the vehicle to an apartment complex. Wright handed a gun to defendant. Wright and defendant exited the vehicle and approached a Hispanic man. As defendant held a gun at the man, Wright removed stuff from the man's pockets. Defendant and Wright returned to the vehicle and Wright drove the vehicle away. Within five minutes later, police officers stopped the vehicle near a Smoker Friendly store.
Ramel Parker also testified for the State that he watched as defendant held a gun on a Mexican man while Wright went through the man's pockets. Defendant and Wright, carrying $50.00 in his hand, returned to the vehicle. Shortly after they departed the apartment complex, a Raleigh Police Department officer stopped their vehicle.
Officer S.K. Davidson of the Raleigh Police Department testified that on 29 April 2007 he received a call regarding an armed robbery that had just occurred at 5004 Sedgewick Drive. Heheard that the suspects were traveling in a burgundy four-door vehicle. He observed a burgundy vehicle matching the description of the suspect vehicle approximately one to one and one-half miles from the location of the robbery. He stopped the vehicle at the intersection of Millbrook Road and Atlantic Avenue near a shopping center where a Smoker Friendly store is located. He searched the vehicle and found a loaded .38 revolver on the back seat under some clothing. Officer John Namauk also searched the vehicle and found U.S. currency, amounting to $52.00, crumpled and balled up in the center console.
Defendant testified that he was under the impression that they were going to the apartment complex for the purpose of purchasing marijuana. He was surprised when Wright and Parker exited the vehicle, pushed a man down, and went through his pockets. He denied any participation in, or prior knowledge of, a plan to rob someone. He never saw a gun. [T. 202-205]
Defendant first contends that the court erred by admitting the testimony of Sarrios stating the victim told him the men who attacked him had a gun and took his money. Defendant argues the court should not have admitted this testimony pursuant to the excited utterance exception to the rule excluding hearsay statements.
Rule 803(2) of our Rules of Evidence decrees that an excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" and is not excluded by the rule prohibiting the admission of hearsay. N.C.R. Evid. 803(2). "In order to fall within this hearsay exception, there must be (1) a sufficiently startling experience suspending reflective thought and (2) a spontaneous reaction, not one resulting from reflection or fabrication." State v. Smith, 315 N.C. 76, 86, 337 S.E.2d 833, 841 (1985).
Here, the evidence shows that two men suddenly ran up to the victim, threw him to the ground, rummaged through his pockets, and fled. The victim made the statement to Sarrios approximately twenty seconds after the event happened. Sarrios described the victim as being in a state of fear when he made the declaration.
We conclude the foregoing testimony provided a foundation for admission of the testimony as an excited utterance. We overrule this assignment of error.
By his remaining assignment of error, defendant contends the court erred by denying his motion to dismiss the charge at the close of all the evidence. He argues the evidence fails to show that defendant participated in a robbery of Chuchos Velasquez, the victim alleged in the indictment, who could not be located for the purpose of testifying at trial.
A motion to dismiss requires a court to determine whether there is substantial evidence to establish each element of the offense charged and to identify the defendant as the perpetrator. State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v.Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). The court must consider the evidence in the light most favorable to the State, giving it the benefit of every reasonable inference that may be drawn from the evidence. State v. Brown, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). "The trial court does not weigh the evidence, consider evidence unfavorable to the State, or determine any witness' credibility." State v. Parker, 354 N.C. 268, 278, 553 S.E.2d 885, 894 (2001), cert. denied, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002).
Robbery with a dangerous weapon consists of "(1) the unlawful taking or [] attempt to take personal property from the person or [] presence of another person (2) by use or threatened use of a firearm or other dangerous weapon (3) whereby the life of a person is endangered or threatened." State v. Small, 328 N.C. 175, 181, 400 S.E.2d 413, 416 (1991).
The evidence in the case at bar shows that defendant held a gun on the victim while his accomplice, Wright, rummaged through the victim's pockets and retrieved cash therefrom. The first police officer who reported to the scene spoke to Sarrios and to the victim, whom he referred to as "Mr. Velasquez." Detective Davis took a statement from the victim, whom the detective identified by the name of "Chucho Velasquez."
We conclude a jury could reasonably find, based upon the foregoing evidence, that defendant participated in the armed robbery of a man named Chucho Velasquez. We overrule this assignment of error. By not bringing them forward and arguing them in his brief, defendant is deemed to have abandoned his other assignments of error. N.C.R. App. P. 28(b)(6).
We hold defendant received a fair trial free of prejudicial error.
No error.
Judges McGEE and JACKSON concur.
Report per Rule 30(e).